JOSHUA W. HATHAWAY *versus* SAMUEL LARRABEE.

Courts will give effect to the returns made by officers, although informally made, when the intention is sufficiently disclosed by the language used, to be clearly discernible. But when the obscurity is so great, that the purpose cannot be ascertained, they will not attempt to make the return effectual by a construction merely conjectural.

Where an officer made a return of an attachment upon a writ, against three defendants, in the following words — "Penobscot, December 28, 1836, at eleven o'clock A. M., I have attached all the right, title and interest the defendant has, in and to any real estate in the county of Penobscot" — *it was held by the Court*, that the language was too vague and uncertain to create a lien by attachment on the estate of either one of those defendants.

THE action was covenant broken on the covenant against incumbrances in the deed of the defendant to the plaintiff, dated September 20, 1839, and recorded September 21, 1839.

Buck and Kidder brought a suit against Nathaniel French, Joseph Richards and Henry Burgess, and a return was made thereon by a deputy sheriff in the following terms: —

"Penobscot, December 28, 1836, at eleven o'clock A. M., I have attached all the right, title and interest, the defendant has in and to any real estate in the county of Penobscot.

"H. Winslow, Deputy Sheriff."

Judgment was recovered, and a levy made upon the land described in the deed from the defendant to the plaintiff, on December 18, 1839. The land was within the county of Penobscot.

If that return on the writ constituted a valid attachment of the land as the property of French, one of the defendants in that suit, the plaintiff was entitled to recover; but if it did not he was to become nonsuit.

*Hathaway, pro se,* would hear what objection could be made to the plaintiff's right to recover, and reply.

*S. W. Robinson,* for the defendant, contended that the supposed attachment was void for uncertainty. It is impossible to ascertain from the officer's return what was really attached. There is no mistake, for both the noun and the verb are in the singular number. This cannot be an attachment of the estate as the property of all, but of one only. And of which one? How can the Court determine? Neither of the defendants had been named by the officer before, and the attachment must be void from the impossibility of applying to either of the defendants in that suit.

I can find no authority directly in point on either side. The following, however, may throw some light on the subject. *Whitaker* v. *Sumner,* 9 Pick. 308; *Baxter* v. *Rice,* 21 Pick. 197; *Reed* v. *Howard,* 2 Metc. 36; *Leadbetter* v. *Blethen,* 18 Maine R. 327.

*Hathaway,* in reply. There were but two parties to the suit, *Buck & al.* v. *French & al.* the plaintiff party and the defendant party. And an attachment of all the real estate of the defendant, in the county, is the same in effect, as if the words *defendants or either of them* had been used.

If the return had been, *all the real estate of the defendants*, the argument would have been, and with as much propriety, that the attachment held only the joint estate. But such a return has always been held to cover the estate of each. If the singular number had been used in a deed, and three persons had signed it, every one knows that it would convey the land of all. So here they are all named in the writ, and it is immaterial whether the officer uses the singular or the plural. The intention clearly is, that the property of each defendant was to be embraced in the return of an attachment; and the intention is always to govern. *Litchfield* v. *Cudworth*, 15 Pick. 27.

The opinion of the Court was drawn up by

Shepley J — The suit is upon a covenant of warranty in a deed from the defendant to the plaintiff, made on Sept. 20, 1839, conveying a lot of land situated on the corner made by Penobscot and Pine streets, in the city of Bangor. The lot was conveyed by Harvey Reed to Nathaniel French on Dec. 9, 1836. French conveyed the same on May 25, 1837, to John S. Ayer, from whom the defendant derived his title.

Charles Buck and Camillus Kidder, commenced a suit against Nathaniel French, Joseph Richards and Henry Burgess, on Dec. 28, 1836; and on that day a deputy of the sheriff made a return upon the writ in the following words: —" Penobscot, Dec. 28, 1836, at eleven o'clock A. M. I have attached all the right, title and interest the defendant has in and to any real estate in the county of Penobscot." The plaintiffs in that suit subsequently obtained judgment and caused an execution issued thereon to be levied upon that lot of land as the estate of Nathaniel French.

If the return of the officer, made upon that writ, operated as an effectual attachment of that lot of land, the plaintiff may be entitled to recover. If it did not, there is no proof, that the covenants of the defendant have been broken.

Courts will give effect to the returns made by officers, although informally made, when the intention is sufficiently dis-

closed by the language used to be clearly discernible. When the obscurity is so great, that the purpose cannot be ascertained, they will not attempt to make the return effectual by a construction merely conjectural.

The plaintiff contends, that the several persons named as defendants in that writ constituted the party defendant, and that the officer must be regarded as using the term defendant, to designate the party defendant, composed of three persons. This is not in accordance with the common use of language as exhibited in judicial proceedings to designate parties defendant, when there are more than one. When the plaintiffs or defendants in a suit have been numerous, courts have authorized and even required, that the terms plaintiffs or defendants, should be used in the pleadings instead of all the names; but they do not appear to have authorized them all to be regarded as one and to be designated by the use of one of those terms in the singular number. *Meeke* v. *Oxlade*, 1 B. & P., N. Rep. 289; *Davison* v. *Savage*, 6 Taunt. 121. Such a use of language to designate several persons as parties defendant is not usual in common parlance. The officer, who made the return, must have known that there were three defendants, and yet he used the singular number apparently without any mistake, for the verb connected with the substantive is also in the singular number. Could a person, who inspected the writ and return upon it for that purpose, properly conclude, that the real estate of Henry Burgess had been attached? No person should be deprived of his right to sell, or to purchase an estate as free from incumbrance, when he cannot ascertain by an inspection of the officer's return, that it has been attached. There is nothing in the case authorizing the inference, that a stranger upon an inspection of the writ and return upon it could have concluded, that the words used to make an attachment were more applicable to one than to another of the three defendants.

When several persons subscribe an instrument containing a covenant or promise in language applicable to one person only, they are, as the plaintiff contends, all bound. Each one by subscribing the instrument adopts the language as applicable

to himself. There is little of similarity between such a case and the present. Neither of the defendants in that suit adopted the language used by the officer or appropriated it to himself. It does not appear, that the officer intended to attach the estates of all those defendants. The language used by him leads to a different conclusion. The Court is not authorized to give an effect to the language by construction not warranted by its literal meaning or by any usage in judicial proceedings, or in common parlance. Without such a construction the language is too vague to create a lien by attachment on the estate of either one of those defendants. The attachment being void for uncertainty no title superior to that conveyed to the plaintiff could be obtained by the levy; for that was made long after there was evidence in the registry, that the estate had been conveyed.                    *Plaintiff nonsuit.*