DETERMINED IN

# THE SUPREME COURT,

## APRIL SESSION, 1881.

| 58    1
111  486

[No 7,657.—Department Two.]

## JAMES WILSON v. JAMES MADISON ET AL.

HOMESTEAD—JUDGMENT—ATTACHMENT—JUSTICE'S COURT.—A homestead was declared after an attachment on the land and a judgment in a Justice's Court, but no abstract had been filed or recorded in the Recorder's Office. *Held*, that at the time of the declaration of homestead, the judgment did not constitute a lien upon the premises within § 1241 of the Civil Code, and a sale under the judgment conveyed no title.

APPEAL from a judgment in favor of the defendant, and from an order denying a new trial in the Superior Court of San Diego County. McNEALY, J.

The case was before the Court on a former appeal, and is reported in 55 Cal. 5.

*Brunson & Wells, A. B. Hotchkiss, W. J. Gatewood,* and *Thos. B. Slave,* for Appellants.

The judgment of the Justice took effect by relation from October 21st, 1876. (*Porter* v. *Pico*, 55 Cal. 165; *Sharp* v. *Baird*, 43 id. 577.) The title originating in the elder lien, must prevail over that originating in the junior lien. (*Littlefield* v. *Nichols*, 42 id. 374.)

*Chase & Leach,* for Respondent.

„The judgment was not a lien upon the property at the time of filing the homestead claim, hence no title passed. (*McCracken* v. *Harris,* 54 Cal. 81.)

The COURT:

An attachment from a Justice's Court was levied upon the premises in question October 21st, 1876; judgment was had in the action November 6th, 1876—but no abstract was filed or recorded in the Recorder's office; the declaration of homestead was made November 10th, 1876; and thereafter proceedings were had for a sale under the Justice's execution. At the time of the declaration the judgment did not constitute *a lien* upon the premises within Section 1241, Civil Code, (*McCracken* v. *Harris,* 54 Cal. 81; *Sullivan* v. *Hendrickson,* id. 258.) The Court found that Hartfield resided on the premises at the time of the declaration, and there was evidence upon which to base the findings.

Judgment and order affirmed.