(April 6, 1895.)

## FIRST NATIONAL BANK OF PALOUSE CITY v. LIEU-ALLEN.

[39 Pac. 1108.]

Levy of Attachment—Filing Notice and Copy of Writ with Recorder.—The evidence of the levy of the attachment and the notice thereof, filed with the recorder, *held*, sufficient to give notice of the attachment lien.

Attachment Lien—Deed Relates Back to Date of Attachment.— A sheriff's deed for land sold under execution relates back to the date of the attachment and cuts off all subsequent liens.

(Syllabus by the court.)

APPEAL from District Court, Latah County.

Forney, Smith & Moore, and R. T. Morgan, for Appellants.

The court erred in holding that the attachment in the case of J. W. Lieuallen and H. J. Lestoe, copartners, doing business under the firm name and style of Lieuallen & Lestoe, plaintiffs, against Andrew Clyde, doing business under the name and style of Andrew Clyde Company, defendants, was invalid. If the attachment proceedings were regular and valid in every respect, the lien of the appellants, Lieuallen & Lestoe, would

relate to the nineteenth day of November, 1892, by virtue of the lien of attachment. Whereas, the mortgage of the Palouse Bank was out of date February 15, 1893, three months later. On November 19, 1892, the complaint was duly filed and also an affidavit and undertaking on attachment, and the writ was thereupon duly issued. This writ was delivered to the sheriff on that day, who filed a copy of the said writ with the auditor and recorder, together with a notice, stating that the property described therein was attached. (*Robertson v. Kinkhead,* 26 Wis. 560.) Voluntary appearance waived all irregularities in the attachment. (*Porter v. Pico,* 55 Cal. 173; *Harvey v. Foster,* 64 Cal. 298, 30 Pac. 849; *Hammond v. Starr,* 79 Cal. 558, 21 Pac. 971.)

J. A. C. Freund and Hanna, McCrosky & Ettinger, for Respondents.

Filed no brief.

SULLIVAN, J.—This is an appeal from a judgment and decree of foreclosure. The facts are substantially as follows: The defendants Lieuallen and Lestoe brought suit against the defendant Andrew Clyde, doing business under the name of the Andrew Clyde Company, on the 19th of November, 1892, to recover the sum of $1,041.09, with interest and costs; and an attachment was duly issued in said action, and levied upon the land described in the complaint in this action. Thereafter, on the twentieth day of December, 1893, Lieuallen and Lestoe obtained judgment in said suit for the sum of $1,446.84. On the fourteenth day of February, 1893, the said Andrew Clyde and Anna Clyde, his wife, executed their certain mortgage upon the real estate described in the complaint to secure the payment of their promissory note for $7,040.27, due November 1, 1893, in favor of the plaintiff, the First National Bank of Palouse City, Washington. Thereafter said First National Bank brought this suit to foreclose said mortgage, and the said Lieuallen and Lestoe were made parties, for the reason following, stated in the complaint: "That the defendants, Lieuallen and Lestoe, have, or claim to have, some interest

or claim upon said premises, or some part thereof as judgment creditors"; and that such interest was subsequent to that of plaintiffs. The defendants answered the complaint, and denied that their interest in and to said land was subsequent to the lien of plaintiff's mortgage, and set up their said action brought on November 19, 1892, against Andrew Clyde, and their attachment proceedings therein, the judgment obtained in said case, the issuance of an execution to enforce said judgment, the sale of the land described in said notice of attachment under said execution, and the purchase thereof by said Lieuallen and Lestoe. The cause was tried by the court, and judgment and decree entered in favor of the First National Bank. The court held that said attachment was invalid, and that plaintiff's said mortgage was a prior lien to the attachment and judgment of the said Lieuallen and Lestoe against Andrew Clyde. The appeal is from the judgment. Respondent has not filed a brief in this court.

The main question in the case is as to the validity of the attachment levied November 19, 1892, in the case of *Lieuallen and Lestoe v. Andrew Clyde*. The record shows that on the twentieth day of November, 1892, the notice of the levy of the attachment, together with a copy of the writ of attachment and a description of the property attached, was duly filed in the office of the auditor and recorder of Latah county—the county in which said real estate is located. Section 4307 of the Revised Statutes provides that a writ of attachment must be executed by the sheriff to whom it is delivered without delay if the undertaking mentioned in section 4305 of the Revised Statutes be not given. Subdivision 1 of that section is as follows: "1. Real property standing upon the records of the county in the name of the defendant must be attached by filing with the recorder of the county a copy of the writ, together with a description of the property attached and a notice that it is attached." The record shows a sufficient compliance with the provisions of said section in making the levy of said attachment. While it is a fact that the notice of levy is not as complete as it might have been made, it is sufficient to put any

person dealing with said Clyde in regard to said land upon inquiry, and to give notice to the world of the lien claimed thereon by the said Lieuallen and Lestoe, under said attachment. Said attachment lien attached to said land on the 19th of November, 1892 (the date of the levy), and the lien of the judgment in that case relates back to that date. Said land was sold under the execution issued in said case, and the certificate of sale of the land issued to said Lieuallen and Lestoe. The sheriff's deed, if issued, will relate back to the date of the levy of the writ of attachment, and cut off all subsequent liens on said land, unless subsequent lienholders redeem said land from the execution sale to Lieuallen and Lestoe. Said mortgage bears date of February 14, 1893, and is subsequent to the lien of said attachment. The court erred in holding that said mortgage was a prior lien to said attachment. The judgment and decree are reversed, with directions to the court below to enter judgment in favor of appellants, whereby their lien obtained by said attachment judgment and execution sale is made a prior lien to that of the mortgage of the plaintiff, the First National Bank of Palouse City. Costs awarded to appellants.

Morgan, C. J., and Huston, J., concur.