(February 3, 1898.)

## FIRST NAT. BANK OF HAILEY v. SONNELITNER.

[51 Pac. 993.]

ATTACHMENT LEVY.—The provisions of the statute in regard to the levy of a writ of attachment must be substantially complied with in order to create a lien under the attachment.

NOTICE OF LEVY—SUFFICIENCY OF DESCRIPTION.—The notice of the levy of attachment required by the statute to be filed in the county recorder's office, must describe the property sufficiently to identify the property so that a purchaser can tell from the notice itself what property he is buying.

SAME—PAROL EVIDENCE.—Parol evidence is not admissible to cure a description in a notice of levy and attachment when the description is vague and uncertain.

(Syllabus by the court.)

APPEAL from District Court, Blaine County.

N. M. Ruick, for Appellant.

The description in the writ of attachment in the case of *Bank v. Hendel* was so defective as to be void. (*Menley v. Zeigler,* 23 Tex. 88; *Porter v. Byrne,* 10 Ind. 147, 71 Am. Dec. 305; *Hathaway v. Laribee,* 27 Me. 449; *Henry v. Mitchell,* 32 Mo. 512; *Taylor v. Cozart,* 4 Humph. 433, 40 Am. Dec. 655, and cases cited in note on page 656.) It fails to locate the land in any city, town, county or state. The statute (Idaho Rev. Stats., sec. 4307) requires certain formalities to be complied with in order that a valid attachment of real estate may be had. Each of the requirements must be complied with, otherwise the attachment will be invalid. (Cal. Code Civ. Proc., sec. 542; *Main v. Tappener,* 43 Cal. 206, 209, 55 Cal. 172; *Watt v. Wright,* 66 Cal. 202, 208, 5 Pac. 91; *Wheaton v. Neville,* 19 Cal. 41, 44.) Plaintiff in ejectment must recover upon the strength of his own title. (*Gage v. Downey,* 94 Cal. 241, 29 Pac. 635; *Heay v. Butler,* 95 Cal. 206, 30 Pac. 208; *Woodworth v. Fuelton,* 1 Cal. 295; *Coryell v. Cain,* 16 Cal. 567, and cites 22 Cal. 515; 1 Ariz. 154; 5 Utah, 214, 14 Pac. 338, distinguished, 23 Cal. 536.)

R. F. Buller, for Respondent.

In ejectment against the defendant in execution, or one claiming under him, the plaintiff need only show his judgment, execution and sheriff's deed. (Rohrer on Judicial Sales, sec. 1072.) Where both parties claim under a common source of title, no title need be shown back of the common grantor, the only question being which of the two has derived the best title from the common source. (*Whitman v. Steiger,* 46 Cal. 256; *Frink v. Roe,* 70 Cal. 296, 11 Pac. 820.) The sheriff's return is not the only evidence of what he did with a writ. The facts may be shown by other evidence and especially by the evidence of the sheriff himself. (*Ritter v. Scannell,* 11 Cal. 239, 70 Am.

Dec. 775.)   We think the description is amply sufficient and is quite definite, so far as these lots are concerned. (*Whittaker v. Sumner,* 9 Pick. 308; *Bacon v. Leonard,* 4 Pick. 277; *Moore v. Kidder,* 55 N. H. 488.)   A defective description in the levy is cured by a correct description in the sheriff's deed. (Rohrer on Judicial Sales, sec. 702, and cases cited.)

QUARLES, J.—The respondent, as plaintiff, commenced this action in ejectment to recover lots 9 and 10, in block 42, in the town of Hailey, Blaine (formerly Alturas) county, Idaho.   The material averments of the complaint are denied by the answer. The cause was tried by the court without a jury, and findings of fact, conclusions of law, and judgment were made and entered in favor of the plaintiff.   The defendant moved for a new trial on two grounds: (1) Insufficiency of the evidence to justify the decision; and (2) errors of law occurring at the trial, and excepted to by the defendant.   The district court denied the motion for a new trial, from which order denying a new trial, and from the judgment in favor of the plaintiff, the defendant appeals.

It appears from the record that the defendant claims title from and through one John Hendel by virtue of a conveyance of date October 25, 1893; that on the fourteenth day of July, 1893, in an action then pending in the district court of the fourth judicial district in and for Alturas county, commenced by the plaintiff in this action as plaintiff, against said Hendel as defendant, to recover a debt of $560 from said Hendel, an attachment was issued against said Hendel in favor of the plaintiff, and an attempt made to levy the same upon the lots in question; that afterward judgment was rendered in said action in favor of the plaintiff and against the said Hendel; that on the said judgment an execution was issued in favor of the plaintiff, and against the property of said Hendel, on the twenty-sixth day of February, 1895, under which the lots in question were sold on the twenty-sixth day of March, 1895, and purchased by the plaintiff, who received a certificate of purchase from the sheriff, and afterward, to wit, March 28, 1896, said sheriff made a sheriff's deed, in the usual form, to plaintiff, purporting to convey to the plaintiff the title of said Hendel

in and to said lots.   Both parties claiming title to the said premises from the same common source, the said John Hendel, it was only necessary for the plaintiff in this action, in order to recover, to show a valid title from said Hendel prior to that of the defendant.

Has the plaintiff done this?   To prove title in it, the plaintiff, a corporation, introduced, with other documentary evidence, the said writ of attachment, which appears on its face to be regular, and a copy of the said writ, and a notice of levy, filed in the office of the county recorder in and for said Alturas county, on the seventeenth day of July, 1893, in words and figures as follows, to wit:

"NOTICE.

"To the recorder of Alturas county, to John Hendel, defendant, and to whom it may concern:

"Notice is hereby given that by virtue of a certain writ of execution issued out of the probate court of said county, wherein the First National Bank of Hailey, plaintiff, and John Hendel, defendant, of which the annexed is a copy, I have this day seized, levied upon and attached all the right, title and interest of the said defendant in and to the following premises, to wit: Lots 9 and 10 in block 42, lots 3 and 4, block 31 part section 9, township 2 north of 18 east, about 6 acres; commencing at a stake 260 feet from the north corner of River and Bullion streets in the town of Hailey, being the southwest corner of the property of Dominick Nitschke, and running thence in a westerly direction along the line of the Bullion road 230 feet, thence rectangular in a northerly direction 300 feet, thence in an easterly direction 350 feet, thence in southerly direction 122 feet, thence 120 feet in a westerly direction, thence 178 feet in a northerly direction to the place of beginning.   Done in Alturas county this fourteenth day of July, 1893.

"A. J. JACKSON,
"Sheriff.
"By C. D. SANDERS,
"Deputy Sheriff.

"Recorded at the request of C. D. Sanders, at 4:10 o'clock
P. M., July 17th, 1893.  I. W. GARRETT,

"County Recorder,

"By S. C. JOHN,

"Deputy."

It will be seen that the notice does not speak of the attachment, but of an execution from the probate court, "of which the annexed is a copy." The said notice and copy appear to have been proven by introducing and reading in evidence "page 319 of book 1 of Attachment Records," as plaintiff's exhibit "F," to the introduction of which the defendant objected, on "the ground that the same was incompetent, irrelevant and immaterial, and not describing the property in controversy at all," which objection was overruled, to which the defendant duly excepted.

Under the provisions of our code, a levy of an attachment is made upon real estate, the title of which is in the defendant to the writ, by filing with the recorder of the county a copy of the writ, together with a description of the property attached, and a notice that it is attached, and by leaving a similar copy of the writ, description and notice with the occupant of the property, if there is one; if not, then by posting the same in a conspicuous place on the property attached. If the acts required are not performed by the officer, there is no levy of the writ. The description of the property which must be filed with the copy of the writ and notice of levy, while it need not be technically correct in every particular, a substantial compliance with the statute being sufficient, yet such description must be sufficient to give notice to a reasonably prudent man as to the identity of the property attached. Was the description given sufficient? It will be noticed that there are five separate parcels of land described in the notice, viz.: Lots 9 and 10, in block 42; lots 3 and 4, in block 31; and part of section 9, township 2 north, of 18 east, about 6 acres, "commencing at a stake two hundred and sixty feet from the north corner of River and Bullion streets, in the town of Hailey," etc. The notice does not say what state or what county the property is in. It does

not say what town lots 9 and 10 of block 42 are in. It does not say what town lots 3 and 4 of block 31 are in. In fact, a reasonable inference from the description would be that the lots 9 and 10 of block 42, and lots 3 and 4 of block 31, situated somewhere near Hailey, compose part of section 9, township 2 north, of range 18 east, and that said lots embrace about six acres, say about one and one-half acres each. Thus it could be inferred that a block composed of ten blocks or more would embrace fifteen acres or more. Inasmuch as towns are not platted and subdivided into lots and blocks of the size and dimensions suggested, we could not infer or presume that the lots in question are in any certain town. But it is agreed by both parties that the six acres described does not embrace either one of said lots, but that it is separate and distinct from the said lots, and that said six-acre tract is outside of the limits of the town of Hailey. With this fact admitted by both sides, there is but one thing certain about the description, and that is that the starting point in the boundary of the six-acre tract, as given, is two hundred and sixty feet, in some unknown direction, from a given point in the town of Hailey. But the respondent contends that the clause, "in the town of Hailey," refers to the said lots 9 and 10, block 42, and shows that they are in the town of Hailey. This contention is not correct, for the reason that the clause, "in the town of Hailey," is used with direct reference to the starting point in the metes and bounds of the six-acre tract, and refers to that tract only. Now, suppose the description had stopped with the four lots, and the six-acre tract was left entirely out of it; could it then be told that said lots are in the town of Hailey from the description itself? Certainly not, as the notice would then read: "Notice is hereby given that, by virtue of a certain writ of execution issued out of the probate court of said county, wherein the First National Bank of Hailey, plaintiff, and John Hendel, defendant, of which the annexed is a copy, I have this day seized, levied upon and attached all the right, title and interest of the said defendant in and to the following described premises, to wit: Lots 9 and 10 in block 42, lots 3 and 4, block 31. Done in Alturas county this fourteenth day of July, 1893." But the respondent says the court must

take judicial notice of the fact that Hailey is in what was formerly Alturas county. If that be true, we must also take notice of the fact that Ketchum is in the same county. Suppose the notice had described lots 3 and 4, in block 31, as being in Ketchum, and had failed to say whether lots 9 and 10, block 42, are in Ketchum or Hailey, or some other town, and then proceeded to describe the six-acre tract as it does; could it be contended that notice was given that said last-named lots are in Hailey? We think not.

The notice of the levy of the attachment required by the statute must contain a description of the property attached, not absolutely certain, but sufficiently certain to inform a man of ordinary prudence as to the identity of the property that is attached. The notice in this case did not do that. It cannot be told from the notice whether lots 9 and 10 are in the town of Hailey, or in the town of Ketchum, or in the town of Bellevue, or in some other town. The levy of the attachment was void, for the reason that the description is so vague and uncertain that it does not identify the property in controversy. A stranger could not take the description in the notice, and from such description alone find the property. A deed to said lots, containing the description in said notice, would be void for uncertainty.

The notice of levy must describe the land with as much certainty as the sheriff's deed. The description must be such that a purchaser can tell from it the identical land which he buys. Parol evidence is not admissible to help out a defective description in the notice of levy required by the statute. We think the views herein announced are abundantly supported by authority. (See *Porter v. Byrne,* 10 Ind. 147, 71 Am. Dec. 305; *Meuley v. Zeigler,* 23 Tex. 88; *Henry v. Mitchell,* 32 Mo. 512; *Hathaway v. Larrabee,* 27 Me. 449; *Taylor v. Cozart,* 4 Humph. 433, 40 Am. Dec. 655, and notes; *Wheaton v. Neville,* 19 Cal. 41; *Main v. Tappener,* 43 Cal. 206; *Watt v. Wright,* 66 Cal. 202, 5 Pac. 91.)

Even if the description in the notice of levy was sufficient, yet it is doubtful if we have authority to hold that the plaintiff acquired a lien by reason of the attempted levy of said attach-

ment.  Notice of levy of an execution from the probate court
is not notice of levy of an attachment from the district court.
It appearing beyond question from the record that the plaintiff
acquired no lien by attachment upon the lots in dispute; that
the judgment upon which its said execution issued was rendered
after said Hendel had conveyed the same by the deed under
which the defendant claims; that the plaintiff acquired no title
in said lots by reason of said execution sale and sheriff's deed;.
that the plaintiff cannot recover in this action; and for these
reasons the order denying the defendant a new trial is reversed,
the judgment in favor of the plaintiff is reversed, and the cause
remanded to the district court, with instructions to enter judg-
ment dismissing the action, with costs to the defendant; costs
of this appeal awarded to the appellant.

Sullivan, C. J., and Huston, J., concur.