(May 21, 1900.)

## WILLIAMS v. OLDEN.

[61 Pac. 517.]

LEVY OF WRIT OF ATTACHMENT.—Under the provisions of subdivision 3, section 4307 of the Revised Statutes, the levy of a writ of attachment must be in substantial compliance with the provisions of said section in order to create a lien.

NOTICE OF LEVY—SERVICE OF COPY ON OWNER.—Where the statute requires copies of the writ, description of the property and notice of levy to be served on the occupant, if there be one, and if there be none, the posting of such copies in a conspicuous place on the land levied upon, it is not a sufficient compliance with said provisions to serve such copies on the owner, who is not an occupant of the land.

(Syllabus by the court.)

APPEAL from District Court, Ada County.

J. L. Niday, for Appellant.

The land upon which the attempted levy of attachment was made stood, at the date of said attempted levy, on the records of the county in the name of D. F. Gudger, and was upon said date without an occupant, and that a copy of the writ of attachment together with a description of the property attached, and a

notice that it was attached, or any of them, was not posted on the said premises in a conspicuous place, or posted at all, as required by section 4307, subdivision 1 of the Revised Statutes of the state of Idaho. There is no question of interpretation, or construction, presented. The statute relating to attachment is clear and unequivocal, and lays down a plain, simple and practical mode of procedure. (23 Am. & Eng. Ency. of Law, 1st ed., 298.) Courts rightly refuse to declare plain provisions of a statute merely directory. (*Kock v. Bridges,* 45 Miss. 245; *Briggs v. Georgie,* 15 Vt. 72; *Bensley v. Mountain Lake Water Co.,* 13 Cal. 306, 73 Am. Dec. 575; *Roberts v. Sandecker,* 9 Cal. 262; *Rudolph v. Saunders,* 111 Cal. 233, 43 Pac. 619; *Gow v. Marshall,* 90 Cal. 567, 27 Pac. 422; *Schroeder v. Tomlinson,* 70 Conn. 348, 39 Atl. 484; *Courtney v. Eighth Ward Bank,* 154 N. Y. 691, 49 N. E. 54; *Main v. Tappener,* 43 Cal. 209; *Wheaton v. Neville,* 19 Cal. 44.)

B. F. Olden, for Respondent.

Did the acts performed by the sheriff constitute a valid levy of attachment? The answer to this question will depend largely upon whether the provisions of our attachment laws, relating to the manner of making a levy thereunder, are mandatory or directory. (*First Nat. Bank v. Lieuallen,* 4 Idaho, 431, 39 Pac. 1108; *Ritter v. Scannell,* 11 Cal. 238, 70 Am. Dec. 775.) A sheriff's deed for land sold under execution relates back to the date of the attachment, and cuts off all subsequent liens. (*Porter v. Pico,* 55 Cal. 165; *Bagley v. Ward,* 37 Cal. 121, 99 Am. Dec. 256, and note; Drake on Attachments, sec. 224; *Sharp v. Baird,* 43 Cal. 577; *Harvey v. Foster,* 64 Cal. 298, 30 Pac. 849; *Porter v. Pico,* 55 Cal. 173.)

SULLIVAN, J.—This is an action to quiet title, and was submitted to the trial court on stipulated facts, and judgment was entered in favor of the defendant, who is the respondent here.

The only question submitted for decision is whether a valid levy of a writ of attachment can be made on land, not containing an occupant, by filing with the recorder of the county in which the land is situated a copy of the writ, together with a

description of the land attached, and a notice that it is attached, and by leaving a similar copy of the writ, description, and notice with the defendant, who does not reside on the land. Section 4307 of the Revised Statutes, provides, *inter alia,* as follows: "The sheriff to whom the writ is directed and delivered, must execute the same without delay, and if the undertaking mentioned in section 4305 be not given, as follows: (1) Real property, standing upon the records of the county in the name of the defendant, must be attached, by filing with the recorder of the county a copy of the writ, together with a description of the property attached and a notice that it is attached; and by leaving a similar copy of the writ, description and notice with an occupant of the property, if there is one, if not, then by posting the same in a conspicuous place on the property attached." It will be observed that said section provides the specific acts that must be done and performed by the officer in levying the writ, and among other acts it provides that the officer must leave a copy of the writ, description, and notice with an occupant of the property, if there be one; if not, then he must post a copy of such writ, description, and notice in a conspicuous place on the property attached. A substantial compliance with the said provisions is necessary to make a valid levy, and the personal service of a copy of the writ, description, and notice on the defendant in the action, who is not an occupant of the land sought to be attached, is not equivalent to the posting of such copies in a conspicuous place on the land. Had the legislature intended that personal service would satisfy the requirements of that provision of the law, it certainly would have used terms clearly expressing its intention. In *Watt v. Wright,* 66 Cal. 202, 5 Pac. 96 (which was a case involving substantially the same question as the one at bar), the supreme court of California said: "The failure of the officer to do these things, as required by law, was fatal to the validity of the levy by attachment"; and that the acts done by the officer were insufficient to create a lien upon the property. (See, also, *Steinfeld v. Menager* (Ariz.), 53 Pac. 495.) While some of the California cases held that a strict compliance with the provisions of the statute is required to create a lien, this court does

not go to that extent. We hold that a substantial compliance is all our statute requires in said matter. In *Bank v. Sonnelitner*, 6 Idaho, 21, 51 Pac. 993, this court held in the levy of a writ of an attachment that, if the acts required by the statute are not performed by the officer, there is no levy of the writ. Respondent cites in support of his contention *First Nat. Bank v. Lieuallen*, 6 Idaho, 431, 39 Pac. 1108, decided by this court. While the statement in this case may be obscure and misleading as to the levy of the attachment and the notice filed with the recorder being sufficient to give notice, still the only question raised in that case was as to the contents of the notice. The record in that case shows that copies of the writ, description of the land, and notice that the land was attached were posted in a conspicuous place on the land and the court did not intend to convey the idea that a filing of such copies with the county recorder was all that was required by the law to make a valid levy of the writ. The notice itself was attacked on the ground that it was not as full and complete as the law required. No question was raised as to the performance of the acts required by the officer in the levy of the writ.

It is also contended by respondent that, as the defendant failed to appear and move to discharge said writ, he waived all defects in the levy thereof, and that the entry of the judgment cured any and all defects, if any there were, in the levy. We cannot agree with that contention. While the entry of judgment may cure some defects in the issuance of the writ, such entry will not cure defects in a levy of the writ, and make what was no lien a valid one. No lien is created unless the service of the writ is made in substantial compliance with the requirements of the statutes. The judgment is reversed, and the cause remanded for further proceedings in conformity with the views expressed in this opinion. Costs are awarded to appellant.

Huston, C. J., and Quarles, J., concur.