[No. 13491.  Department Two.  February 2, 1917.]

# A. R. Truax *et al.*, as *Spokane Cedar Pole Company, Respondents*, v. Title Guaranty & Surety Company, *Appellant*.[1]

Attachment—Redelivery Bond—Actions — Defenses — Validity Against Mortgagees—Waiver.  The invalidity of a writ of attachment, as against a prior mortgagee, in the failure to pay or tender the amount due to the mortgagee or cause to be attached only the equity of the redemption as provided by Rev. Code Idaho, § 3411, is of no concern to the surety upon the attachment debtor's redelivery bond, and is no defense to an action on the bond, where the mortgagee made no effort to have the matter determined in the court having jurisdiction by a summary proceeding, as provided in Id., § 4314.

Same—Redelivery Bond—Waiver of Defects—Preservation of Liens.  A redelivery bond in attachment, intended as a substitute for chattels seized in order that the attachment lien shall be absolutely annulled, is a new and independent contract which waives all defects in and objections to the attachment; hence judgment in the attachment case need not preserve the lien of the attachment.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered February 4, 1916, upon findings in favor of the plaintiffs, in an action on a redelivery bond, tried to the court.  Affirmed.

*D. W. Henley*, for appellant.

*McCarthy, Edge & Davis*, for respondents.

Holcomb, J.—In an action instituted in a district court of Bonner county, Idaho, by these respondents against four brothers, copartners under the firm name of Lazos Brothers, a writ of attachment was sued out and placed in the hands of the sheriff of that county for levy upon property of the defendants there.  The sheriff returned the writ, showing a seizure and taking into possession by him under the writ of certain chattels as the property of the defendants.  Subse-

[1]Reported in 162 Pac. 586.

quently the defendants Lazos Brothers filed a bond in the sum of $1,500 with the appellant as surety, which was approved by the court where the action was pending, for the release of the attachment upon the chattels so seized and the redelivery thereof to the defendants. The condition of the redelivery bond was that "in case the plaintiffs recover judgment in said action, the defendants will, on demand, redeliver the attached property so released to the proper officer, to be applied to the payment of the judgment so obtained, or on default thereof, the defendant and this surety will, on demand, pay to the plaintiffs the amount of the recovery in said action, together with all costs thereon, not exceeding the said sum of $1,500." The giving of such bond is provided for by the Idaho statutes (Revised Codes, Idaho, §§ 4319, 4320), upon application, on reasonable notice, to the court in which the action is pending for an order "to release from the operation of the attachment any or all of the property attached, and all of the property so released and all of the proceeds of the sale thereof must be delivered to the defendants." The property so taken by the sheriff under attachment was, upon the execution, delivery and approval of the redelivery bond, turned back by the sheriff to the defendants. Later, the respondents obtained judgment in the district court for the recovery of the sum of $771.61, with interest at eight per cent from the dates of their notes sued on, $58.20 costs, and an attorney's fee of $125.

Upon this judgment execution was issued, delivered to the sheriff of the county for execution, and later by him returned with the return "nothing found." Thereupon the sheriff, at the direction of the judgment creditors, demanded from Lazos Brothers, the judgment debtors, the return of *all* the property released from attachment under the redelivery bond, and the property so demanded, having been disposed of by the defendants, was not redelivered, which facts the sheriff certified. Upon the failure to redeliver the property released by the redelivery bond, this action was instituted against the

surety company in the superior court of this state, resulting in a judgment against appellant upon the redelivery bond, for the amount of the total Idaho judgment, costs and attorney's fee, and the costs of this action.

The first complaint of error by appellant is based upon certain facts which it asserts, under the laws of Idaho, rendered the pretended levy of attachment by the Idaho sheriff absolutely void. These facts appellant offered to prove by certified copies of public records in Bonner county, Idaho, of the existence of a certain chattel mortgage from Lazos Brothers to a bank antedating the suit and attachment, an assignment by the bank of this chattel mortgage to the National Pole Company, and also a prior bill of sale to the National Pole Company; all of which offers of evidence the trial court rejected, holding that the existence, at the time of the attachment, of mortgages and bills of sale on some of the property attached could not properly be urged as a defense in an action to recover on the redelivery bond.

Appellant relies upon the statute of Idaho (Revised Codes, Idaho, § 3411), which provides that:

"All mortgaged personal property may be attached at the suit of any creditor of the mortgagor; such creditor, however, must pay or tender to the mortgagee, the amount due him on such mortgage before the officer making such attachment is entitled to the actual possession of such property."

It is shown that there is no evidence that the respondents, when causing their attachment to be levied in Idaho, made any tender to the mortgagee; nor did they cause to be attached only "the equity of redemption in the mortgaged chattels," under a further clause of that statute providing that, if the attaching creditor prefers, he may cause to be attached the equity of redemption of the mortgagor, by serving upon both the mortgagor and the mortgagee a copy of the writ of attachment and a notice signed by the attaching officer that the interest of the mortgagor is attached. Decisions of the supreme court of Idaho are cited as holding that a substan-

tial compliance with the provisions of the statute relating to levies of attachment is necessary to make a valid levy. *Falk-Bloch Mercantile Co. v. Branstetter*, 4 Idaho 661, 43 Pac. 571; *First Nat. Bank v. Sonnelitner*, 6 Idaho 21, 51 Pac. 993; *Williams v. Olden*, 7 Idaho 146, 61 Pac. 517, 97 Am. St. 250.

In the last cited case, it was held that "no lien is created unless the *service of the writ* is made in substantial compliance with the statute," which in that case was held not done. In *Bank v. Sonnelitner, supra,* it was held that, if *the acts required of the officer* by the statute are not performed by the officer, there is no lien. In the *Williams v. Olden* case, it was said of another case (*First Nat. Bank v. Lieuallen,* 4 Idaho 431, 39 Pac. 1108) that in that case "no question was raised as to the performance of the *acts required by the officer* in the levy of the writ." In the case at bar, the validity of the levy is not attacked because of the failure of the officer to do any act required of him, but the only default claimed is that of respondents themselves, the creditors, in not tendering the mortgagee the amount of its mortgage, or, otherwise, directing that their preference was to attach only the equity of redemption of the mortgagors; in neither of which matters had the officer anything to do without the action and direction of the creditor, under the statute, and in neither of which contingencies did he fail.

It may be conceded that the levy was void as to the prior mortgagee and incumbrancer by bill of sale; but, as to them, they made no effort to have that matter determined in the court having jurisdiction of the cause and of the property, by a summary proceeding which could be made before the sheriff holding the property, under Revised Codes, Idaho, § 4314. And as to their rights in the premises, the appellant, as surety on the debtors' redelivery bond, had and has no concern whatever. As to the attachment defendants, unless the attachment was irregularly or improvidently issued, which contention they never made, the levy was certainly good as

properly made against them, though irregular and possibly void as to the incumbrancers.

The redelivery bond was the substitute for the chattels seized. It is the design of the statutes of Idaho providing for such substitution that the attachment lien of the creditors shall be absolutely annulled, the property pass back into the hands of the defendants unincumbered by the lien of attachment, and that the attaching creditor rely wholly, though involuntarily, upon the undertaking given by the defendants.

"This undertaking would seem to be a new and independent contract, into which the defendant and his sureties enter, regardless of plaintiff's desire in the premises, but for his security. . . . It would seem clear upon principle that an undertaking entered into under such circumstances should be held a new and independent contract, and should operate as a waiver of all defects in, and objections to, the original attachment proceedings which the defendant could have made." *Glidden v. Whittier*, 46 Fed. 437.

The above case was one originating in Idaho in the Federal district court and involving the same statutes. See, also, *Rosenthal v. Perkins*, 123 Cal. 240, 55 Pac. 804, and *San Francisco Sulphur Co. v. Aetna Indemnity Co.*, 11 Cal. App. 701, 106 Pac. 111, involving identical statutory provisions; 4 Cyc. 700; 2 R. C. L. 890, § 106; *Oliver v. Warren*, 124 Ga. 549, 53 S. E. 100, 110 Am. St. 188, 4 L. R. A. (N. S.) 1020; *Fidelity & Deposit Co. v. Bowen*, 123 Iowa 356, 98 N. W. 897, 6 L. R. A. (N. S.) 1021; *Brady v. Onffroy*, 37 Wash. 482, 79 Pac. 1004.

The second proposition by appellant is, in substance, that the entry of a general judgment in the suit in Idaho, which did not preserve the lien and form of the original attachment, operated as a release of the obligations of the redelivery bond. As was heretofore observed, the design of the Idaho statute was to effect, by the giving of the redelivery bond, the absolute release of the attachment so that the property

passed back unaffected by the lien of attachment, and to substitute therefor the new and independent contract of the undertaking provided for.

This being so, the judgment could not and should not attempt to preserve the lien of an attachment that had been absolutely released, passed out of existence, and another security substituted. *Brady v. Onffroy, supra;* 2 R. C. L. 853, § 65; 4 Cyc. 692, 826.

There was no error. Judgment affirmed.

MORRIS, MOUNT, FULLERTON, and PARKER, JJ., concur.