(May 21, 1917.)

## ANNA HANSON, Appellant, v. FRANK H. MORRISON and L. J. RAINWATER, Respondents.

[165 Pac. 521.]

PROBATE AND JUSTICE COURTS—ATTACHMENTS UPON LAND—VALIDITY.—PRIORITY.

1. Real estate may be attached under and by virtue of a writ of attachment issued out of a justice's or probate court.

2. Where real estate was levied upon and attached pursuant to a writ of attachment issued out of the probate court, and judgment was rendered in favor of the attaching creditor and an abstract thereof filed with the clerk of the district court, and thereafter the land was purchased at a sale in execution of such judgment, the interest of the purchaser is prior to a lien obtained by reason of an attachment levied upon the land which was issued out of the district court after the issuance of the writ out of the probate court, but before the rendition of the judgment and the filing of the abstract thereof.

APPEAL from the District Court of the Seventh Judicial District, for Adams County. Hon. Ed. L. Bryan, Judge.

Action on promissory note in which respondents intervened in order to determine priority of attachment liens. Judgment for intervenors. *Affirmed.*

L. L. Burtenshaw, for Appellant.

The first and only lien that can attach to real estate from a justice or probate court attaches and comes by virtue of the docketing of the abstract of judgment in the office of the clerk of the district court, and unless such judgment or the abstract thereof is filed in the office of the clerk of the district court, it never becomes a lien upon real estate. (*Frazier v. Crowell,* 52 Cal. 399; *Beaton v. Reid,* 111 Cal. 484, 44 Pac. 167; *Dieffenbach v. Roch,* 112 N. Y. 621, 20 N. E. 560, 2 L. R. A. 829, and notes.)

Attachments issuing from justice and probate court do not prorate with those issuing from the district court. (*Kimball v. Raymond,* 9 Ida. 176, 72 Pac. 957.)

An attachment from the justice court does not create a lien upon real estate. (*Wilson v. Madison,* 58 Cal. 1.)

Stinson & McCallum, for Respondents.

The docketing of the judgment or failure to so docket the judgment in no wise affects the lien of the attachment, excepting that in the case of the judgment being docketed, the lien of the attachment merges in the lien of the judgment, and when the judgment is not so docketed, the lien of the attachment remains. (*Weinreich v. Hensley,* 121 Cal. 647, 54 Pac. 254; *Bagley v. Ward,* 37 Cal. 121, 99 Am. Dec. 256.)

The judgment does not operate so as to release or obliterate the attachment lien. The property attached is still in contemplation of law in the hands of the officer, subject to judgment. The attachment lien still exists so as to confer a priority in the lien of the judgment. (*Anderson v. Goff,* 72 Cal. 65, 1 Am. St. 34, 13 Pac. 73; *Riley v. Nance,* 97 Cal. 203, 204, 31 Pac. 1126, 32 Pac. 315; *Porter v. Pico,* 55 Cal. 165.)

Sale of the real property of a judgment debtor may be had under execution issued out of a justice court. The provisions for execution, relative to the district court and justice court practice, are identical. It is not necessary to file an abstract of the judgment rendered in the justice court. (*Campbell v. Wickware,* 19 Cal. 145.)

MORGAN, J.—It appears that on September 4, 1913, the Council Lumber Company instituted an action against Ira A. Brown in the probate court of Adams county and, on the same day, caused to be issued therein a writ of attachment. Pursuant to the writ, and on the same day, the sheriff levied upon and attached the real estate in controversy, being the property of Brown. Thereafter judgment was rendered against him, and on March 21, 1914, an abstract thereof was filed with the clerk of the district court and execution issued. Pursuant to the execution the sheriff levied upon the prop-

erty and on April 18, 1914, sold it to respondents. On February 23, 1914, appellant instituted an action against Brown, in the district court of the seventh judicial district, in and for Adams county, and, on the same day, caused to be issued a writ of attachment pursuant to which the sheriff levied upon and attached the real estate in controversy. On May 4, 1914, respondents filed, with the court's permission, their complaint in intervention in that action, setting forth their claim of title to the land and asking that it be adjudged to be prior to the claim of appellant. Appellant demurred to the complaint in intervention; her demurrer was overruled and, having failed to answer, her default was duly entered. Whereupon the court found the facts as above set forth, and on April 12, 1915, rendered judgment as prayed for by respondents. This appeal is from that judgment.

It will be seen that the writ of attachment upon which appellant bases her claim to the property was levied upon the land prior to the filing of the abstract of judgment of the probate court, but subsequent to the issuance of the writ of attachment by that court, and the levy upon the land made pursuant thereto.

The question presented here is: Can real estate be attached pursuant to a writ of attachment issued out of the probate court? To properly determine this question reference must be made to our constitution and statutes conferring jurisdiction and authority upon such courts within this state. Sec. 21, art. 5, of the constitution provides: "The probate courts . . . . shall have . . . . jurisdiction to hear and determine all civil cases wherein the debt or damage claimed, does not exceed the sum of five hundred dollars, exclusive of interest. . . . . "

Sec. 4629, Rev. Codes, provides: "In all civil suits, and within its civil jurisdiction, all proceedings in the probate court, the process, provisional remedies and supplementary proceedings, and the rules of practice, pleading and procedure, shall be the same as is provided by law for justices' courts." Therefore it is necessary to examine the provisions

of our statutes concerning writs of attachment issued from justices' courts.

Secs. 4686, 4687 and 4688, Rev. Codes, provide when and how writs of attachment may issue from such courts, and nowhere in these sections or, in fact, in the provisions of our entire codes, is it even intimated that land may not be levied upon by authority of a writ of attachment issued out of a justice's court. In fact, the opposite conclusion is to be deduced from sec. 4688, which provides that the writ be directed to the sheriff or any constable of the county, requiring him to attach and safely keep *all of the property* of the defendant, not exempt from execution. Sec. 4689 is: "The sections of this Code providing for attachments out of the District Court, except as in this chapter expressly provided, are applicable to attachment issued out of justices' courts, the necessary changes and substitutions being made therein." Therefore, no prohibition against writs of attachment issued from justices' courts being levied upon land having been made in the said chapter of the code, dealing with provisional remedies, they are authorized to issue such writs under and by virtue of which all property subject to levy pursuant to writs issued from the district court may be attached. There is no statute, or reason, inconsistent with the jurisdiction of justices' courts in this particular. It is true that sec. 4645 provides that parties to an action in a probate or justice's court cannot give evidence upon any question which involves the title to or possession of real property, nor can any issue presenting such question be tried by such court, and where it appears that such question is involved, the probate court or justice of the peace must suspend all further proceedings in the action and certify the same to the district court, but it does not follow that, by issuing a writ of attachment, in execution of which the sheriff levies upon real estate, a probate court, or justice of the peace, will, necessarily, hear evidence upon a question, or try an issue, involving title to or possession of real property. The mere fact that such a writ issues and is levied upon real estate will not change the character

of the evidence to be introduced at the trial. (*Bush v. Visant,* 40 Ark. 124, 125.)

It is true that under the provisions of sec. 4736, a judgment rendered in a probate or justice's court creates no lien upon the lands of the defendant until an abstract of the same is filed and docketed in the office of the clerk of the district court, but in this action respondents do not claim a lien initiated by the judgment, but rather by the attachment. Where land is attached prior to judgment in the probate or justice's court, the lien thereby created is merged with the lien of a judgment in favor of the attaching creditor, an abstract of which is subsequently filed and docketed, and the lien resulting from such merger has priority as of the date of attachment in the same manner as in case of judgments and attachments procured in actions in the district court. Therefore, when respondents purchased this land at the sale in execution of the judgment rendered in the probate court, they purchased it clear of any claim of appellant arising subsequent to the date of the levy under authority of the writ of attachment from that court, for the levy of the writ of attachment issued out of the district court, upon which appellant bases her claim, was subsequent to the levy relied upon by respondents. (*First Nat. Bank v. Lieuallen,* 4 Ida. 431, 39 Pac. 1108.)

Appellant cites the case of *Wilson v. Madison,* 58 Cal. 1, urging that it supports her contention that a writ of attachment from a justice's court cannot be levied upon land, but that case merely holds that where a writ of attachment has been issued from a justice's court and a levy thereof is made upon land, and before an abstract of the judgment is filed, as provided by law, a homestead declaration upon the premises is filed by the judgment debtor, the land cannot be sold upon execution of the judgment. This is so because, under the laws of California, lands covered by homestead declarations are subject, not to prior attachments, but to prior judgments. This has been held in the case of *McCracken v. Harris,* 54 Cal. 81, where the attachment issued from the district court prior to the declaration of homestead. The court held in that case

that the declaration having been filed before judgment, it was not subject to the lien of attachment. It is evident, therefore, that the decision in the case of *Wilson v. Madison, supra,* was not based upon the theory that a writ of attachment issued out of a justice's court could not become a lien upon real estate.

The case of *Dewey v. Schreiber Imp. Co.,* 12 Ida. 280, 85 Pac. 921, is also cited by appellant in support of her contention that the probate court had no jurisdiction to issue a writ of attachment to be levied upon real estate. In that case it was held that by sec. 21, art. 5, of the constitution, probate courts were not given power to try or determine cases in equity, and that a statute purporting to confer upon them the power to foreclose mechanics' liens, mortgages and other liens on real property was unconstitutional and void. That decision has no bearing upon this case, because in issuing the writ of attachment the probate court was not proceeding in equity, but was merely making use of a provisional remedy given by the statutes in aid of an action at law.

The judgment appealed from is affirmed. Costs are awarded to respondents.

Budge, C. J., and Rice, J., concur.