[No. 19187.   Department Two.—October 7, 1893.]

JOHN MASKELL, APPELLANT, v. CHARLES H. BARKER, RESPONDENT.

MALICIOUS ATTACHMENT —LEVY OF WRIT ESSENTIAL.—In order to entitle a plaintiff to recover in an action for damages for a malicious attachment, he must allege and prove that the writ of attachment was executed by attaching his property. The mere malicious suing out of such a writ without probable cause, without levying it upon the property of the party against whom it is issued, will not authorize a recovery.

ID.—INSUFFICIENT LEVY UPON LAND.—The acts of a constable in filing with the county recorder a copy of a writ of attachment, with a description of the real property sought to be levied upon, and a notice that it is attached, do not constitute a levy within the meaning of section 542 of the Code of Civil Procedure, but it is necessary, in order to complete the levy, that a copy of the writ, description, and notice be left with the occupant of the property, if there is one, or if not, that it be posted on the property.

ID.—PUBLICATION OF ATTACHMENT.—One who sues out a writ of attachment, without levying it upon the property of the defendant, is not liable in damages for the publication in a newspaper that the property was attached, and for the transmission of the notice to various commercial agencies, where it does not appear that he caused or was connected in any way with the notices so published and transmitted.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

*Hugh J.* and *William Crawford,* for Appellant.

The complaint states facts sufficient to constitute a cause of action for exemplary damages, and the demurrer should have been overruled. (Gould's Pleading, ch. 3, sec. 10; *Sharp v. Miller,* 54 Cal. 332; *McCusker* v. *Walker,* 77 Cal. 212; *Don-*

*nell* v. *Jones*, 13 Ala. 490; 48 Am. Dec. 59; *Dorsey* v. *Man-love*, 14 Cal. 556; *Reed* v. *Samuels*, 22 Tex. 114; 73 Am. Dec. 253.)

*Albert M. Stephens*, for Respondent.

The complaint does not state a cause of action because there was no posting upon the land of the writ of attachment, and therefore no levy. (*Schwartz* v. *Cowell*, 71 Cal. 306.) A void attachment casts no cloud upon the title. (*Gates* v. *McLean*, 70 Cal. 46.) The complaint does not show facts sufficient to sustain it as an action for a malicious prosecution, as no want of probable cause, malice, or injury is shown. (Maxwell Code Pleading, p. 215; *Parmer* v. *Keith*, 16 Neb. 91; Rice on Evidence, 1063; *King* v. *Montgomery*, 50 Cal. 115; *Burton* v. *Knapp*, 14 Iowa, 196; 81 Am. Dec. 465.) There can be no action for malicious attachment until a dissolution of the attachment has been had. (*Sharp* v. *Miller*, 54 Cal. 330; *Burton* v. *Knapp*, 14 Iowa, 196; 81 Am. Dec. 465; 1 Eng. & Am. Encycl. of Law, p. 908, and citations; Rice on Evidence, p. 1062; Cooley on Torts, p. 188.)

FITZGERALD, J.—This is an appeal upon the judgment roll from a judgment on demurrer to the complaint. The action is for damages, and the complaint, in substance, alleges that the defendant maliciously and without probable cause sued out a writ of attachment against plaintiff's property and extorted from him the money sued for, upon a threat made by defendant that if the same was not paid he would cause the writ to be levied on certain real property of the plaintiff which he was about to sell, and thereby defeat the consummation of such sale; that the writ was delivered for levy to a constable, who, in obedience to its command, filed with the county recorder a copy thereof, with a description of said property and a notice that it was attached. It is further alleged that, in consequence of these acts of the defendant and the constable, a notice was published in a certain newspaper that said property was attached, and a similar notice was transmitted to the various commercial agencies of this state, to the injury of plaintiff's good name and business reputation, thereby causing great anxiety and distress of

mind and mental suffering, to his damage in the sum of five thousand five hundred dollars.

The complaint was demurred to on the ground, among others, that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained by the court, and its ruling in this respect is brought in question by this appeal.

In order to entitle a plaintiff to recover in an action of this character, he must allege and prove that the writ of attachment was executed by attaching his property. The alleged acts of the constable in this case do not constitute a levy within the meaning of section 542 of the Code of Civil Procedure. What he did was but a step in that direction. "Leaving a similar copy of the writ, description, and notice with the occupant of the property, if there is one; if not, then by posting the same in a conspicuous place on the property attached," was necessary to complete the levy, therefore indispensable to the execution of the writ.

The malicious suing out of a writ of attachment without probable cause, without levying it upon the property of the party against whom it was issued, will not authorize a recovery by such party. In addition to this, it does not appear that the defendant caused or was connected in any way with the notices published and transmitted, as alleged in the complaint.

We are of the opinion that the demurrer was properly sustained.

Let the judgment be affirmed.

McFARLAND, J., and DE HAVEN, J., concurred.

Hearing in Bank denied.