(May 3, 1917.)

## D. W. LONG and A. W. LONG, Respondents, v. BURLEY STATE BANK, a Corporation, Appellant.

[165 Pac. 1119.]

ATTACHMENT—LEVY—DAMAGES—LOSS OF PROFITS—MALICE—PROBABLE CAUSE.

1. Before recovery can be had because of an attachment procured wrongfully, maliciously and without probable cause, it must be shown that the property alleged to have been attached was actually levied upon in substantial conformity with sec. 4307, Rev. Codes (amended, Sess. Laws 1911, chap. 162, p. 559).

2. Loss of profits in business is an element of damage where the attachment was procured with malice and without probable cause, but may be recovered only upon the production of such evidence as will enable the jury to calculate, with a reasonable degree of certainty, the amount of damage resulting from such loss.

3. Malice and want of probable cause, if relied upon as an element of damage, must be alleged and proved. The jury may infer malice from the want of probable cause, but it may not infer want of probable cause alone from the fact that the suit in aid of which the attachment issued was decided against the party procuring it.

[As to what is abuse of attachment, and the liability therefor, see note in 86 Am. St. 400.]

APPEAL from the District Court of the Fourth Judicial District, for Cassia County. Hon. Edward A. Walters, Judge.

Action to recover damages for procuring an attachment wrongfully, maliciously and without probable cause. Judgment for plaintiffs. *Reversed.*

J. C. Rogers and T. Bailey Lee, for Appellant.

One cannot set up the volume of business done by others to establish the amount that he himself might or would have done. (*O'Grady v. Julian,* 34 Ala. 88; *Smith v. Eubanks,* 72 Ga. 280.)

At no time did plaintiffs show that this attachment prevented them from completing any work by them undertaken. They did not seek to show what profits they would have made, but endeavored to speculate upon what they might have made. Such hoped-for profits are too remote and speculative to be considered as proper elements of damage. (2 Greenleaf on Evidence, pars. 256–261; *Barnes v. Berendes,* 139 Cal. 32, 69 Pac. 491, 72 Pac. 407; *Pacific Steam W. Co. v. Alaska etc. Assn.,* 138 Cal. 632, 72 Pac. 161; *Beck v. West,* 87 Ala. 213, 216, 6 So. 70; *Howard v. Stillwell etc. Co.,* 139 U. S. 199, 11 Sup. Ct. 500, 35 L. ed. 147; *Livingston v. Exum,* 19 S. C. 223; *Stell v. Pascal,* 41 Tex. 640; *Bingham v. City of Walla Walla,* 3 Wash. 68, 13 Pac. 408.)

"Anticipated profits dependent upon future contingencies cannot be included in damages." (*Bergen v. City of New Orleans,* 35 La. Ann. 523; *Martin v. Deetz,* 102 Cal. 55, 41 Am. St. 151, 36 Pac. 368; *Crymble v. Mulvaney,* 21 Colo. 203, 40 Pac. 499; *O'Neill v. Johnson,* 53 Minn. 439, 39 Am. St. 615, 55 N. W. 601; *Anderson v. Taylor,* 56 Cal. 132, 38 Am. Rep. 52; *Casper v. Klippen,* 61 Minn. 353, 52 Am. St. 604, 63 N. W. 737.)

"Where a stock of goods is held under a wrongful attachment, loss of profits and business credit are too remote to be considered." (*Lowenstein v. Monroe,* 55 Iowa, 82, 7 N. W. 406.)

"It was error to permit plaintiff to show that prior to the attachment his business had been steadily increasing but decreased thereafter." (*Zinn v. Rice,* 161 Mass. 571, 37 N. E. 747.)

The plaintiffs had wholly failed to establish upon the part of defendant either malice or want of probable cause in the suing out of attachment—both indispensable to a recovery by plaintiffs. (*Stewart v. Sonneborn*, 98 U. S. 187, 25 L. ed. 116; *Vesper v. Crane Co.*, 165 Cal. 36, 130 Pac. 876, L. R. A. 1915A, 541; *Mitchell v. Silver Lake Lodge*, 29 Or. 294, 45 Pac. 789; *Hilfrich v. Meyer*, 11 Wash. 186, 39 Pac. 455.)

While malice may be presumed from a want of probable cause, yet such want may not be presumed, but must be clearly proven. (*Collins v. Shannon*, 67 Wis. 441, 30 N. W. 730; *Durr v. Jackson*, 59 Ala. 203.)

The officer acquired no lien. The officer levying must take actual possession of personal property. (3 Standard Ency. Procedure, 488, 511; *West Coast S. F. Co. v. Wulff*, 133 Cal. 315, 85 Am. St. 171, 65 Pac. 622; *Johnson v. Gorham*, 6 Cal. 195, 65 Am. Dec. 501.)

A levy on personal property capable of manual delivery must be had by taking the property into custody. (*Dutertre v. Driad*, 7 Cal. 549; *Herron v. Hughes*, 25 Cal. 555, 563; *Bagley v. Ward*, 37 Cal. 121, 99 Am. Dec. 256; *Throop v. Maiden*, 52 Kan. 258, 34 Pac. 801.)

"If the acts required by the statute are not performed by the officer, there is no levy of the writ." (*First Bank v. Sonnelitner*, 6 Ida. 21, 51 Pac. 993.)

The lien is lost if the property is left with the defendant. (3 Standard Ency. Procedure, 512, 513, and citations; *Cupples v. Level*, 54 Wash. 299, 103 Pac. 430, 23 L. R. A., N. S., 519.)

S. T. Lowe, for Respondents.

"In an action to recover for the wrongful and malicious attachment of the plaintiffs' goods where injury to their credit is alleged, evidence of the amount of their business and profits and credit and the effect upon the latter is admissible." (*Hayes v. Union Mercantile Co.*, 27 Mont. 264, 70 Pac. 975.)

Loss of credit, business and profits caused by the wrongful, wanton and malicious issuance and levy of a writ of attach-

ment may be recovered as damages in an action to recover for such malicious attachment. (*Allison v. Chandler*, 11 Mich. 542; *Lambert v. Haskell*, 80 Cal. 611, 22 Pac. 327; *Tranwick v. Martin-Brown Co.*, 79 Tex. 46, 14 S. W. 564; *Western News Co. v. Wilmarth*, 33 Kan. 510, 6 Pac. 786; *Donnell v. Jones*, 17 Ala. 689, 52 Am. Dec. 194; *Goldsmith v. Picard*, 27 Ala. 142; *Lawrence v. Hagerman*, 56 Ill. 68, 8 Am. Rep. 674; 1 Shinn, Attachment and Garnishment, par. 379; Waples on Attachment and Garnishment, par. 1010; 6 Corpus Juris, 540, pars. 1321–1323; *Schwartzberg v. Central Ave. State Bank*, 84 Kan. 581, 115 Pac. 110.)

It was not essential that the officers touch or remove the machine for the levy to be valid. (*Battlecreek Valley Bank v. Madison First Nat. Bank*, 62 Neb. 825, 88 N. W. 145, 56 L. R. A. 124; *Gaines v. Becker*, 7 Ill. App. 315; *Morse v. Smith*, 47 N. H. 474; *Nighbert v. Hornsby*, 100 Tenn. 82, 66 Am. St. 736, 42 S. W. 1060.)

"It is sufficient if the property is under the control of the officer, and he may even leave the debtor to hold as his agent" (*Corniff v. Cook*, 95 Ga. 61, 51 Am. St. 55, 22 S. E. 47; *Baldwin v. Jackson*, 12 Mass. 31; *Treadwell v. Brown*, 43 N. H. 290; *Train v. Willington*, 12 Mass. 495.)

Want of probable cause in itself raises a presumption of malice. (*Brand v. Hinchman*, 68 Mich. 590, 13 Am. St. 362, 36 N. W. 664; *Murphy v. Hubbs*, 7 Colo. 541, 49 Am. Rep. 366, 5 Pac. 119; *Southwestern R. R. Co. v. Mitchell*, 80 Ga. 438, 5 S. E. 490; *Holiday v. Sterling*, 62 Mo. 321; *McNamee v. Nesbitt*, 24 Nev. 400, 56 Pac. 37; *Durr v. Jackson*, 59 Ala. 203; *Collins v. Shannon*, 67 Wis. 441, 30 N. W. 730; *Parks v. Young*, 75 Tex. 278, 12 S. W. 986; *Toth v. Greisen* (N. J.), 51 Atl. 927; 2 Greenleaf on Evidence, sec. 453; *Martin v. Corscadden*, 34 Mont. 308, 86 Pac. 33.)

"If the attachment is dissolved, this is conclusive of the right of the attachment defendant to recover actual damages, although the attachment was taken out without malice and under legal advice." (*McDaniel v. Gardner*, 34 La. Ann. 340; *Kennedy v. Meacham*, 18 Fed. 312, 322.)

MORGAN, J.—The respondents instituted this action against the appellant to recover damages for an attachment alleged to have been procured to be levied against their property wrongfully, maliciously and without probable cause. The attachment issued on July 28, 1911, and was dissolved on January 13, 1913. The suit in which the attachment was procured was decided in favor of respondents and against appellant. The property alleged to have been attached consisted of moneys, corporate stock, notes, real estate and a motorcycle. Respondents claim damages on account of being deprived of the use of the property and on account of loss of credit and profits in their business as building contractors. The case was tried to a jury, which returned a verdict in respondent's favor in the sum of $1,000. Judgment was entered accordingly, from which this appeal was prosecuted.

Appellant contends that the evidence fails to show that the property was attached. This contention is sustained so far as it concerns the real estate and the motorcycle. The return of the sheriff was offered in evidence by respondents to show what property was attached, but such return is only *prima facie* evidence of the truth of the matters therein stated. (Sec. 2026, Rev. Codes.) According to the testimony of respondents, the sheriff went to their office and informed them that the motorcycle was attached, but left it with them upon promise that they would not use it. The sheriff testified that although he was about to attach the motorcycle, he decided. at the request of respondents and with the consent of the attorney for appellant, to not do so. Without discussing the conflict of evidence in this particular, we hold that, assuming respondents' testimony to be the truth in the matter, the sheriff did not levy upon the motorcycle in accordance with sec. 4307, Rev. Codes (amended, Sess. Laws 1911, chap. 162, p. 559), because he did not, at any time, take it into his custody or remove it from the custody of respondents. There is no levy under a writ of attachment unless the acts required by the statute are substantially performed. (*First Nat. Bank v. Sonnelitner*, 6 Ida. 21, 51 Pac. 993.) The uncontradicted testimony of the county recorder established the fact that no

copy of the writ of attachment, or description of the real property alleged to have been attached, or notice of the attachment was ever filed in his office. Such filing is absolutely necessary under the provisions of sec. 4307, *supra*, in order to constitute a lawful levy upon real estate. No action lies for an attachment procured maliciously and without probable cause unless the levy is complete. (*Maskell v. Barker*, 99 Cal. 642, 34 Pac. 340.)

The question of whether or not the real property was attached, and whether or not the notice and description and a copy of the writ of attachment were filed in the office of the county recorder, was submitted to the jury, but as there was no evidence to dispute the testimony of the county recorder, that question should not have been submitted.

Appellant next contends that the evidence was insufficient to show any damage resulting from the alleged attachment. Respondents rely upon injury to their credit and loss of prospective profits in their business as contractors, which are elements of damage if the attachment was not merely wrongful, but malicious and without probable cause. (*Crymble v. Mulvaney*, 21 Colo. 203, 40 Pac. 499; note to *International Harvester Co. v. Iowa Hdw. Co.*, 29 L. R. A., N. S., 272; note to *Tisdale v. Major*, 68 Am. St. 263; note to *Ailstock v. Moore Lime Co.*, 7 Ann. Cas. 545; 6 Corpus Juris, pp. 539–541, and cases in notes 76, 78 and 80; Shinn on Attachments and Garnishments, p. 693.)

Assuming that the evidence in this case supports the allegations that the attachment was issued maliciously and without probable cause, loss of profits and credit could be considered by the jury in awarding damage, but only upon such evidence being submitted as would enable it to calculate, with reasonable certainty, the amount of damage resulting from such loss. In this connection respondents introduced testimony tending to show that during the year previous to the issuance of the attachment the volume of business obtained by them was large and the profits amounted to about $3,000; that immediately after the attachment was dissolved their business and profits were about the same in volume, but that

during the time the property was attached they performed
very little business and received little or no profits, although,
generally speaking, there was as much building in progress in
the locality in which they operated during that time as there
was prior to or after the time the attachment was in force.
They testified that because their property was tied up by the
attachment they could raise no money, and could not obtain
credit sufficient to enable them to advance the cost of material
necessary to be used in construction work.   They made no at-
tempt to show that any certain contract for building could
have been obtained by them had they been in a condition to
perform it.   The jury was left to infer from the fact that
their business was of certain magnitude before and after the
attachment, the volume during the time of attachment would
have been the same.   In the business of contracting, which
is neither steady nor uniform, the profits received, or the
amount of building done at one time is not a safe criterion
by which to judge what might have been done at another had
not the property of the contractor been attached.   In case of
a building contractor there is no such thing as uniformity in
the volume of business.   During one year he may have con-
tracts for the construction of a few large buildings and dur-
ing the next for many more, but smaller structures.   If,
however, respondents had shown that had they been able,
financially, to handle them, they would have received certain
building contracts, which they lost by reason of the attach-
ment, then it would have been competent for them to show,
upon the theory that the attachment was malicious and with-
out probable cause, the cost of the labor and materials they
would have used and the amount of the contract price, and
thus furnish to the jury a safe and reasonable basis for the
calculation of lost profits.   "Past profits cannot be shown to
enable a jury to conjecture what future profits would be."
(13 Cyc. 57; *Bierbach v. Goodyear Rubber Co.,* 54 Wis. 208,
41 Am. Rep. 19, 11 N. W. 514.)   Where recovery by reason
of loss of profits may be had, there must be such evidence as
will enable the jury, with some degree of certainty, to ascer-
tain the amount of the profits alleged to have been lost.

(*Central Coal & Coke Co. v. Hartman*, 111 Fed. 96, 49 C. C. A. 244; *Zinn v. Rice*, 161 Mass. 571, 37 N. E. 747.)

The final question to be decided is whether or not the evidence was sufficient to show malice and want of probable cause. As heretofore stated, although actual damage may be recovered where the attachment was merely wrongful, yet to sustain a judgment for damage for loss of credit and profits, the attachment must be malicious and without probable cause. It is not alone sufficient that malice existed, nor is it sufficient that there is want of probable cause, but both these elements must be present. However, malice may be inferred by the jury, from the lack of probable cause (*Ames v. Chirurg*, 152 Iowa, 278, 132 N. W. 427, 38 L. R. A., N. S., 120; note to *Tisdale v. Major, supra*), but the jury cannot infer want of probable cause from the mere fact that the action in which the attachment was issued was decided against the party procuring it. If the party suing out the writ of attachment had a reasonable belief in the existence of facts necessary to sustain the same, there was probable cause. (2 R. C. L. 899.) It is said that the test is what would prudent business men have done under like circumstances. (2 R. C. L., *supra*.) The burden is upon the party alleging malice and want of probable cause to prove the same. The evidence in this case shows that there was a dispute between the parties as to who was in debt to the other. Respondents had borrowed money from appellant and, on the other hand, were constructing a building for it. There was a dispute as to how much was due on the building. The books of appellant showed that respondents were in its debt to the extent of something over $1,000. There is no evidence tending to show malice or want of probable cause or, as a matter of fact, anything further than an honest misunderstanding between the parties as to which one owed the other.

Judgment is reversed and the cause is remanded for a new trial. Costs are awarded to appellant.

Budge, C. J., and Rice, J., concur.

Petition for rehearing denied.