[Civ. No. 5806. Second Appellate District, Division One.—April 7, 1928.]

FRED J. ETCHEVERRY, Respondent, v. HARTFORD ACCIDENT AND INDEMNITY CO. (a Corporation), Appellant.

Henry Haves and Clore Warne for Appellant.

Byron J. Walters for Respondent.

HAHN, J., *pro tem.*—The action out of which this appeal arises is one for recovery upon a bond given upon the issuing of a writ of attachment in another action, which was originally filed in the superior court in and for the county of Los Angeles, but subsequently was transferred to the superior court in and for the county of San Diego, where the case was tried and judgment rendered in favor of the defendant. The writ was executed by levying upon farm land owned by respondent herein and situate in San Diego County.

The present action to recover on the bond was filed in the superior court in and for the county of San Diego. Prior to the filing of the answer, defendant filed its demurrer, and also gave notice of a motion to transfer the case for trial to the superior court in and for the city and county of San Francisco. The grounds for the motion as set forth in the notice are "that the place where the principal business of the corporation is transacted, is the City of San Francisco, County of San Francisco, State of California, and not the County of San Diego, and furthermore, upon the ground that the residence of the said corporation is the County of San Francisco, State of California"; also "that it is an action against a corporation, and was instituted in a county in which the contract was not made, nor was to be performed, nor where the obligations or liabilities arose, nor where the breach occurred."

The court denied the motion to transfer the case, and the defendant appeals from that order.

While appellant in its brief presents several questions with argument and some citations, there is really but one question properly before the court on this appeal, and that is: Was the superior court in and for the county of San Diego

the proper forum for the instant action to be filed and tried in?

We are of the opinion that the answer must be in the affirmative. The place for the filing and trial of an action against a corporation is provided for in section 16, of article XII of the constitution of the state of California. This section reads as follows: "A corporation or association may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises or the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases."

The obligation or liability which forms the basis of plaintiff's action arose when the levy of the writ of attachment was made upon plaintiff's real estate situate in the county of San Diego. The mere issuing of the writ of attachment by the clerk of the superior court in Los Angeles County created no liability against the defendant bonding company. It was the execution of the writ upon plaintiff's property situate in San Diego County, which, according to his complaint, prevented him from securing any rental or returns therefrom, because renters would not plant the land to crops as long as the attachment lay upon the land. (*Vesper* v. *Crane Co.*, 165 Cal. 36 [L. R. A. 1915A, 541, 130 Pac. 876]; *Maskell* v. *Barker*, 99 Cal. 642 [34 Pac. 340].)

There is no merit in this appeal, for respondent clearly has the right to maintain his action in the superior court in and for San Diego County.

Inasmuch as it appears to us that the appeal was taken for the purpose of delay, it is ordered that the sum of $100 be imposed as damages, and that the same be added to and become a part of the costs awarded to the respondent on this appeal.

The order is affirmed.

Conrey, P. J., and York, J., concurred.