[Civ. No. 9078.  Third Dist.  Apr. 23, 1957.]

GOLDEN STATE BOTTLING COMPANY, Respondent, v. FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Appellant.

Barnett & Robertson for Appellant.

Devlin, Diepenbrock & Wulff for Respondent.

WARNE, J. pro tem.*—This is an appeal by the defendant from an order denying its motion for a change of venue.

A summary of the facts as alleged in the complaint are as follows: On July 30, 1954, one E. T. Burns commenced an action in the Superior Court of the City and County of San Francisco against E. J. Crofoot and respondent herein, a California corporation, with its principal place of business in Sacramento County, to recover a money judgment on an alleged claim. On the same date appellant, as a corporate surety, executed an undertaking for attachment. This undertaking was executed in San Francisco and filed in the Superior Court in San Francisco. A writ of attachment was then issued and directed to the sheriff of Sacramento County for levy upon property of the respondent. On August 1, 1954, bank accounts of respondent in Sacramento totaling $42,319.28 were levied upon and held under attachment until April 25, 1955, and during all of said time respondent was deprived of the use of said funds, and interest thereon at the rate of 7 per cent, amounting to $2,180.47.

The action terminated in favor of the Golden State Bottling Company, respondent herein.

Thereafter, respondent commenced this action against the Fidelity and Deposit Company of Maryland, appellant herein, on its undertaking, for wrongful attachment. The action was filed in the Superior Court of Sacramento County.

Appellant moved for a change of venue to the city and county of San Francisco. The grounds of motion as set forth in the notice of motion are: "That the Court designated in the complaint is not the proper court and for the alternative ground that the convenience of witnesses . . . would be promoted . . ." In support of its motion, appellant filed an affidavit stating that it is a corporation, organized and existing under the laws of the State of Maryland, and that its principal place of business was located in the city and county of San Francisco. It also alleges that the undertaking on attachment sued upon "was executed in San Francisco, California by defendant corporation, and the place of performance, if any is required, is in the City and County of San

---

Francisco, State of California, and not elsewhere." Respondent herein filed an affidavit opposing said motion for change of venue. The motion was denied, and this appeal followed.

The place for filing and trial of an action against a corporation is provided in section 16 of Article XII of the California Constitution. The section reads as follows:

"A corporation or association may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises, or the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases."

We do not agree with appellant's contention that its obligation or liability arose in the city and county of San Francisco, where the undertaking was executed. We believe that respondent clearly has the right to maintain its action in the Superior Court of Sacramento County. The case of *Etcheverry* v. *Hartford Acc. & Indem. Co.*, 90 Cal.App. 722 [266 P. 549], so holds. In that case, as in the instant case, the action was for recovery upon a bond given upon the issuing of a writ of attachment in another action which was filed in the Superior Court in and for the county of Los Angeles, but subsequently was transferred to the county of San Diego. The writ of attachment was issued by the clerk of the Superior Court of Los Angeles and was executed by levying upon farm lands situate in San Diego County. Judgment was in favor of Etcheverry. He then filed his action to recover on the bond in the Superior Court in and for the county of San Diego. The defendant in that case gave notice of a motion to transfer the case for trial to the Superior Court in and for the city and county of San Francisco. The grounds for the motion were "that the place where the principal business of the corporation is transacted, is the City of San Francisco, County of San Francisco, State of California, and not the County of San Diego, and furthermore, upon the ground that the residence of the said corporation is the County of San Francisco"; also, "that it is an action against a corporation, and was instituted in a county in which the contract was not made, nor was to be performed, nor where the obligations or liabilities arose, nor where the breach occurred." The court denied the motion to transfer the case, and the defendant appealed from the order. In affirming the order, the court said:

"The obligation or liability which forms the basis of plain-

tiff's action arose when the levy of the writ of attachment was made upon plaintiff's real estate situate in the county of San Diego. The mere issuing of the writ of attachment by the clerk of the superior court in Los Angeles County, created no liability against the defendant bonding company. It was the execution of the writ upon plaintiff's property situate in San Diego County, which, according to his complaint, prevented him from securing any rental or returns therefrom, because renters would not plant the land to crops as long as the attachment lay upon the land. (*Vesper* v. *Crane Co.,* 195 Cal. 36 [L.R.A. 1915A 541, 130 P. 876]; *Maskell* v. *Barker,* 99 Cal. 642 [34 P. 340].)''

In the instant case it was the execution of the writ upon plaintiff's bank accounts in the county of Sacramento which, according to the complaint, caused it to suffer the loss of the use of the garnished funds, with loss of interest at the rate of 7 per cent from August 1, 1954, to April 25, 1955. The issuing of the writ of attachment by the clerk of the Superior Court in and for the city and county of San Francisco created no liability against appellant. Further, the mere fact that the undertaking was executed in San Francisco and filed in the superior court there created no liability. The liability arose at and in the county wherein the property was levied upon.

The order is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.