[Civ. No. 11633. Third Dist. Oct. 3, 1967.]

UNITED PACIFIC INSURANCE COMPANY et al., Petitioners, v. THE SUPERIOR COURT OF SUTTER COUNTY, Respondent; J. DAVID HENNIGAN, Real Party in Interest.

Johnson & Stanton and Marshall A Staunton for Petitioners.

No appearance for Respondent.

Hennigan, Ryneal & Butterwick and J. David Hennigan for Real Party in Interest.

FRIEDMAN, J.—Petitioners are: United Pacific Insurance Company, a Washington corporation which claims to have a principal place of business in the City and County of San Francisco; Gardiner Johnson, an individual who has his office in San Francisco but is a resident of Alameda County; and Eunice V. Hilliard, a resident of Alameda County. Petitioners are defendants in a wrongful attachment action pending in Sutter County. United Pacific and Gardiner Johnson filed separate motions for change of venue to San Francisco. Both United Pacific and Mrs. Hilliard consented to the change of venue sought by Johnson. Their motions having been denied by the trial court, they seek relief by mandate under Code of Civil Procedure section 400.

The action is the outgrowth of a suit for attorney fees in which Mrs. Hilliard, as Johnson's assignee for collection, was plaintiff and E. T. and Roberta Latta were defendants. The suit was filed in the San Francisco Superior Court. A writ of attachment was issued in San Francisco and levied on the Lattas' bank account in Sutter County. Later the Hilliard action was transferred to the United States District Court and terminated in the Lattas' favor. This wrongful attachment action was then filed by J. David Hennigan as assignee of the Lattas. United Pacific Insurance Company was named because it was surety on the Hilliard attachment bond. Hennigan appears here as real party in interest.

■ There has been some quarrel over the fact that United Pacific's separate motion for change of venue was not initially accompanied by an affidavit of merits. Later an affidavit of merits by Gardiner Johnson was filed as part of United Pacific's moving papers. Hennigan had effected service of process on United Pacific without serving Mrs. Hilliard or Johnson. United Pacific's motion for change of venue was made and rejected under those circumstances. The other two defendants were then served, and Gardiner Johnson filed his own motion for change of venue with a supporting affidavit of merits. The tactic of delayed service may not be utilized

to obfuscate the position of the defendants. We take the position that both motions for change of venue were properly supported and both are now before us.

■ In view of the corporate venue provision of the California Constitution (art. XII, § 16), United Pacific is amenable to suit in the county where the liability arose. That event took place in Sutter County where the levy was made which deprived the owner of the use of his property. (*Golden State Bottling Co.* v. *Fidelity & Deposit Co.*, 150 Cal.App.2d 424, 426-427 [310 P.2d 35]; *Etcheverry* v. *Hartford Acc. & Indem. Co.*, 90 Cal.App. 722, 724 [266 P. 549].) United Pacific's motion for change of venue to San Francisco was properly denied.

When a corporation is sued on a transitory cause of action in a county where it does not have its principal place of business, and there are individual codefendants who, sued alone, would be entitled to venue in their county of residence, the latter are entitled to a change of venue to that county. (*Hale* v. *Bohannon*, 38 Cal.2d 458, 473 [241 P.2d 4]; *J. C. Millett Co.* v. *Latchford-Marble Glass Co.*, 144 Cal.App.2d 838, 840-841 [301 P.2d 914].) ■ The individual defendants in this case are not seeking a transfer to Alameda County where both reside, but to San Francisco, which is asserted to be the corporate codefendant's principal place of business. The effort of the individual defendants finds support in *Walker* v. *Wells Fargo Bank & Union Trust Co.*, 24 Cal. App.2d 220 [74 P.2d 849], which holds that an individual sued with a corporation in a county where neither resides may have the action moved to the county where the corporation has its residence, that is, its principal place of business. The theory is that, by joining the individual defendant with the corporation, the plaintiff waived the benefit of the constitutional provision on corporate venue and the action becomes one of the ''other cases'' mentioned in Code of Civil Procedure section 395, being transferable to a county in which any one defendant, i.e., the corporation, resides. (*Walker* v. *Wells Fargo Bank & Union Trust Co.*, *supra*, 24 Cal.App.2d at pp. 222-223; Van Alstyne. *Venue of Mixed Actions in California*, 44 Cal.L.Rev. 685, 704-705.) Although unique, the *Walker* case was described without disapproval in *Hale* v. *Bohannon*, *supra*, 38 Cal.2d at page 473, and receives support from the following dictum in the *Hale* opinion (p. 478): ''Insofar as section 395 affects the right of an individual defendant to a change of venue, a corporation's

principal place of business is its 'residence.' '' The *Walker* case would require the change sought here, were there adequate demonstration that San Francisco is indeed the principal place of business of United Pacific Insurance Company.

Adequate demonstration is lacking. The affidavits underlying the motion declare in effect that United Pacific is a Washington corporation whose directors by resolution designated San Francisco as the corporation's principal office and place of business in northern California, not in all California, but only northern California.[1] California's partition into northern and southern sectors is recognized in vernacular usage but not in the state's venue laws. A corporation's venue affidavit claiming a principal place of business in southern California is ineffectual (*Hobson* v. *Metropolitan Cas. Ins. Co.*, 114 Cal.App. 349, 351-352 [300 P. 87]), and the present claim is equally so. The affidavits do not state that this foreign corporation has ever complied with Corporations Code section 6403 (former Civ. Code, § 405) requiring the filing of a "principal office" certificate with the Secretary of State. Thus the record fails to show corporate residence in San Francisco. (*Warren* v. *Ritter*, 61 Cal.App.2d 403, 405-406 [142 P.2d 948]; *Hobson* v. *Metropolitan Cas. Ins. Co., supra,* 114 Cal.App. at p. 351; see also *Hale* v. *Bohannon, supra,* 38 Cal.2d at p. 475.) Since San Francisco was not shown to be the residence of any of the defendants, the trial court properly denied the motions for change of venue.

The petition for mandate is denied and the alternative writ discharged.

Pierce, P. J., and Regan, J., concurred.

A petition for a rehearing was denied October 30, 1967.

---

[1]For example, an affidavit by the assistant secretary of United Pacific declares: "At the time of the commencement of the above-entitled action, [the] Company was, ever since has been and now is a corporation organized and existing under the laws of the State of Washington and has been duly qualified and licensed to do business in the State of California. At all of said times the resolution of the corporation designated the principal office and place of business in Northern California for the transaction of the business of Company as being in the City and County of San Francisco, State of California. At all of said times the major part of the business of the Company was carried on in the City and County of San Francisco, State of California.''